UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PRO-TECH AUTOMOTIVE AND TIRE CENTER, INCORPORATED, <br> Plaintiff, <br><br> v. <br><br> NAUTILUS INSURANCE COMPANY, <br> Defendant. | CIVIL ACTION NO.: |

# COMPLAINT AND JURY DEMAND

## PARTIES

1. The Plaintiff, Pro-Tech Automotive and Tire Center, Incorporated ("Plaintiff Pro-Tech"), is a Massachusetts corporation having a principal place of business at 205 Willow Street, Waltham, Massachusetts 02453.

2. The Defendant, Nautilus Insurance Company ("Defendant"), is an insurance company incorporated in Arizona with a principal place of business at 7233 East Butherus Drive, Scottsdale, Arizona 85260.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this matter under 28 U.S.C., § 1332 as there is diversity of citizenship and the amount at stake is more than $75,000.00.

4. Venue is proper in, and Defendant are subject to the personal jurisdiction of, this Court because the Defendant conduct business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

5. In consideration of monies paid by Plaintiff Pro-Tech to the Defendant, the Defendant issued and delivered to Plaintiff Pro-Tech a policy of insurance insuring Plaintiff Pro-Tech from and against risks, including cleanup costs and defense costs resulting from pollution conditions at or arising from the Plaintiff's real estate and buildings at 205 Willow Street, Waltham, Middlesex County, Massachusetts (hereinafter the "Covered Location"), for the period of June 1, 2018 to June 1, 2019, said policy being CST2012031-14 (hereinafter the "Policy"). (A copy of the Policy is attached hereto as Exhibit "A".)

6. Pursuant to the terms of the policy, the Defendant insurance company agreed to pay on behalf of Plaintiff Pro-Tech those sums the insured becomes legally "obligated to pay as damages because of cleanup costs in excess of the deductible, if any, resulting from pollution conditions on, at or under the covered location(s).."

7. Pursuant to the terms of the policy, the Defendant insurance company agreed to pay on behalf of Plaintiff Pro-Tech "those costs to defend a claim or suit for bodily injury, property damage or cleanup costs in excess of the deductible, if any, to which this insurance applies."

8. Plaintiff Pro-Tech, at the time of the purchasing the Policy and up until the present day has operated a service station including a gas station and repair facility at the Covered Location.

9. Vincent Cuttone is the President of Plaintiff Pro-Tech and owner as trustee of the Covered Location.

10. While the Policy was in full force and effect and during said year, on or about December 5, 2018, the Massachusetts Department of Environmental Protection (hereinafter the "DEP") responded to a call from the Waltham Fire Department of a petroleum leakage found in the Charles River allegedly originating from a storm sewer at a location connected with Plaintiff Pro-Tech's Covered Location (hereinafter the "Incident").

11. Thereafter on or about December 6, 2018, the DEP issued a field notice of responsibility claim concerning the Incident (hereinafter the "Claim").

12. On or about the same day as the Claim, Plaintiff Pro-Tech, through its President, notified Defendant of the Incident and Claim in accordance with the terms of the aforesaid Policy.

13. As a result of the Incident and Claim, Plaintiff Pro-Tech incurred in excess of $50,000.00 in clean-up costs associated with pollution conditions allegedly arising from the Covered Location.

14. As a result of the Incident and Claim, Plaintiff Pro-Tech incurred in excess of $250,000.00 in legal costs to defend a claim for cleanup costs.

15. Despite all of the provisions of the Policy having been fully complied with by Plaintiff Pro-Tech, the Defendant has failed to completely compensate Plaintiff Pro-Tech for the loss and costs associated with the Claim and Incident pursuant to the Policy.

16. The Defendant failed to acknowledge and act reasonably promptly upon communications with respect to the Claim arising under the insurance Policy.

17. The Defendant failed to adopt and implement reasonable standards for the prompt investigation of the Claim arising under the insurance Policy.

18. The Defendant refused and continues to refuse complete reimbursement payment to Plaintiff Pro-Tech of clean-up costs and defense costs from the Claim pursuant to the insurance Policy.

19. Defendant failed to affirm or deny coverage of the Claim within a reasonable time after proof of loss regarding the Claim.

20. Defendant has failed to make prompt, fair and equitable settlement of the Claim in which liability has become reasonably clear.

21. Defendant has failed to promptly provide a reasonable explanation of the basis in the insurance Policy for denial of the complete reimbursement payment to Plaintiff Pro-Tech of clean-up costs and defense costs from the Claim or the offer of a compromise settlement.

## COUNT I
Plaintiff Pro-Tech v. Defendant Nautilus Insurance Company – Breach of Contract

22. Plaintiff Pro-Tech incorporates by this reference all allegations contained in Paragraphs 1 through 21.

23. Pursuant to the terms of coverage within the Policy with the Defendant, Plaintiff Pro-Tech is entitled to reimbursement payment of the clean-up costs and defense costs from the Claim.

24. The Defendant breached the contract by failing to pay for the complete clean-up costs and defense costs incurred by the Plaintiff Pro-Tech as a result of the Incident and Claim.

25. As a result of the Defendant's breach of contract, Plaintiff Pro-Tech has suffered damages.

WHEREFORE, Plaintiff Pro-Tech demands judgment against the Defendant in an amount to be determined by a judge or jury, together with interest, costs and attorney's fees.

## COUNT II

Plaintiff Pro-Tech v. Defendant Nautilus Insurance Company
(M.G.L. c. 93A and M.G.L. c. 176D)

26. Plaintiff Pro-Tech incorporates by this reference all allegations contained in Paragraphs 1 through 25.

22. The willful and wrongful acts of the Defendant, including but not limited to its breaches of the insurance contract, its willful and unwarranted delay in evaluating Plaintiff Pro-Tech's claims, and unfair and deceptive settlement practices where liability is reasonably clear constitute a violation of M.G.L. c. 93A and M.G.L. c. 176D.

WHEREFORE, Plaintiff Pro-Tech Automotive and Tire Center, Incorporated asks that judgment enter in its favor and against the Defendant and that the Court award it sufficient damages to compensate it for the loss and damages incurred, for all damages allowable pursuant to M.G.L. c. 93A §9 et. seq. and M.G.L. c. 176D for said amount to be doubled or trebled, plus costs and reasonable attorneys' fees, and for interest, and such other and further relief as this Court deems meet and just.

## JURY TRIAL DEMAND

Plaintiff Pro-Tech Automotive and Tire Center, Incorporated demands a trial by jury on all counts of this Complaint.

Respectfully submitted,
Pro-Tech Automotive and Tire Center,
Incorporated,
By Its attorneys,

_____
L. Richard LeClair, III, (BBO #561650)
Guy A. Sergi, (BBO #704322)
LeClair & LeClair, P.C.
707 Main Street
Waltham, MA 02451
(781) 893-5655
lrl@leclairlaw.com
gsergi@leclairlaw.com

Date: November 6, 2020

6